IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**GENE PAUL NORRIS**,

      Plaintiff,

  vs.                            No. **CIV 04-226 MCA/ACT**


**JOHN E. POTTER, Postmaster General,**
**United States Postal Service,**

      Defendant.


<u>**MEMORANDUM OPINION AND ORDER**</u>


      **THIS MATTER** comes before the Court on Defendant's *Motion for Summary Judgment* [Doc. 22], filed June 15, 2006. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court grants the motion.

**I. BACKGROUND**

      The following factual allegations are taken from the *Complaint* or are undisputed by the parties and thus are accepted as true for purposes of Defendant's summary-judgment motion.

      *Pro se* Plaintiff Gene Paul Norris is a former employee of Defendant United States Postal Service ("USPS"). [<u>See generally</u> Doc.1]. Although Mr. Norris has a degree in accounting, he worked for the USPS as a mail carrier. [<u>Id.</u> at 5, 6]. In 1998 and 1999, Mr. Norris filed seven complaints with the USPS's Western Area EEO Office, alleging

discrimination.  [Doc. 23; Exh. 1, Declaration of Jerry Garcia (former USPS Agency Representative) at 1-2].  On or about April 27, 1999, Mr. Norris suffered an on-the-job injury that prevented him from working.  [Doc. 1 at 4, 6].  On May 24, 1999, Mr. Norris and the USPS executed a settlement agreement whereby Mr. Norris agreed to apply for disability retirement and, upon approval of his application, withdraw any and all pending and existing EEO complaints.  In exchange, the USPS agreed to, *inter alia*, pay Mr. Norris the sum of $40,000.  [Doc. 23; Exh. 1, attached Exh. A, May 24, 1999 Settlement Agreement at 1-3].  Mr. Norris thereafter retired effective October 21, 1999.  [Doc. 27; Exh. O-3].  The USPS then issued Mr. Norris two checks totaling $40,000.  [See Doc. 23; Exh. 1, attached Exh. B, Aug. 25, 2000 Letter of Determination at 3].

On or about April 17, 2000, Mr. Norris became persuaded that, instead of "requiring" him to retire, the USPS could and should have provided reasonable accommodations by offering him a position as an accountant.  [Doc. 1 at 6, 7].  Accordingly, on May 9, 2000, Mr. Norris sent a letter to Michael Westervelt, Manager, EEO Dispute Resolution, alleging that the USPS breached the settlement agreement by, among other things, failing to find Mr. Norris a position for which he was qualified and, instead, "induc[ing him] into taking disability retirement . . . ."  [Doc. 27; Exh. E-1, May 9, 2000 letter from Gene Paul Norris to Agency EEO Director at 2-3].  As relief, Mr. Norris requested that his withdrawn EEO complaints be reinstated and that he be offered a position as an accountant.  [Id.].

By Letter of Determination dated August 25, 2000, Mr. Westervelt issued a final

2

agency decision ("FAD"), concluding that (1) Mr. Norris had agreed to all the terms of the settlement agreement; (2) Mr. Norris was not coerced into executing the settlement agreement; and (3) the USPS, which had abided by the terms of the settlement agreement, committed no breach. [See Doc. 23; Exh. 1, attached Exh. B, Aug. 25, 2000 Letter of Determination at 3]. On October 20, 2000, Mr. Norris filed an appeal from the FAD. The EEOC affirmed. [Doc. 23; Exhs. 2, 3]. Mr. Norris's timely request for reconsideration of the EEOC's decision was denied ("the Denial") on November 19, 2003. [Doc. 23; Exh. 4, Nov. 19, 2003 Denial of Request for Reconsideration]. The Denial advised Mr. Norris that, although there was no further administrative appeal available to him, he had the right to file a civil action in an appropriate United States district court within 90 days of receipt of the Denial. [Id. at 1]. At the bottom of the Denial appeared the following:

### *Certificate of Mailing*

> *For timeliness purposes the Commission will presume that this decision was received within five (5) calendar days after it was mailed. I certify that this decision was mailed to complainant, complainant's representative (if applicable), and the agency on: November 19, 2003.*

[Id. at 2]. On March 1, 2004, Mr. Norris filed his *Complaint*.

The USPS now moves for summary judgment, arguing that (1) in light of the regulations governing the enforcement of settlement agreements, this Court lacks subject matter jurisdiction over the proceedings, and (2) even if jurisdiction exists, summary judgment is appropriate because of Mr. Norris's failure to file this civil action in a timely manner. [Docs. 22, 23].

## II. ANALYSIS

### A. Subject Matter Jurisdiction

The USPS first argues that this Court lacks subject matter jurisdiction because the regulations governing enforcement of settlement agreements appear to allow a complainant to file a civil action only where the EEOC has determined that the agency in question has not complied with the terms of the agreement. [Doc. 23 at 2, 5-7]. Because the EEOC found that the USPS was in compliance with and had abided by the terms of the settlement agreement, reasons the USPS, Mr. Norris may not now seek judicial review. See Tshudy v. Potter, 350 F.Supp.2d 901, 906 (D.N.M. 2004) ("In order for th[e] Court to have jurisdiction over [an] enforcement action, there must have been an EEOC determination of non-compliance.").

 "Few tenets of federal jurisprudence are more firmly established than the principle that 'federal courts . . . are courts of a limited jurisdiction.'" Mires v. United States, --- F.3d ----, 2006 WL 3072758 at *2 (10th Cir. 2006) (*quoting* Turner v. Bank of N. Am., 4 U.S. (4 Dall.) 8, 8 (1799)). "'They possess only that power authorized by Constitution and statute . . . .'" Id. (*quoting* Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The rules relating to the enforcement of settlement agreements are set forth in 29 C.F.R. §§ 1614.503 and 1614.504 and provide, in pertinent part, that

> [i]f the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant

4

> knew or should have known of the alleged noncompliance. The complainant may request that the terms of settlement agreement be specifically implemented . . . .

29 C.F.R. §§ 1614.504(a).  If the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may file an appeal with the EEOC.  29 C.F.R. §§ 1614.504(b).  Thereafter,

> [w]here the Commission has determined that an agency *is not complying* with a prior decision . . . the Commission shall notify the complainant of the right to file a civil action for enforcement of the decision pursuant to Title VII, the ADEA, the Equal Pay Act or the Rehabilitation Act and to seek judicial review of the agency's refusal to implement the ordered relief pursuant to the Administrative Procedure Act, 5 U.S.C. 701 et seq., and the mandamus statute, 28 U.S.C. 1361, or to commence *de novo* proceedings pursuant to the appropriate statutes.

29 C.F.R. § 1614.503(g) (emphasis added).

The Tenth Circuit has held that an EEOC determination of non-compliance is a prerequisite to an enforcement action.  See Timmons v. White, 314 F.3d 1229, 1232 (10th Cir. 2003).  In Timmons, the EEOC determined that the complainant, an Army employee, had been discriminated against based on disability when his temporary appointment was not extended.  Consequently, the EEOC ordered the Department of the Army to (1) correct its records to reflect that the complainant's appointment had been extended for the same amount of time as a similarly situated employee whose appointment was extended, and (2) give the complainant back pay and other benefits for the relevant time period. Id. at 1230-31.  The complainant subsequently filed suit.  The Tenth Circuit agreed with the

district court's conclusion that the action, by which the complainant sought additional back pay and reinstatement—more relief than the EEOC had awarded—constituted a civil action and not an enforcement action. Accordingly, the lack of an EEOC determination of non-compliance did not doom the complainant's suit.

Such is the situation here as well.  In this case, Mr. Norris is not seeking the enforcement of the settlement agreement, which obligated the USPS to (1) expunge any record of disciplinary action taken against Mr. Norris during his tenure as a USPS employee; (2) expedite Mr. Norris's disability-retirement application; and (3) pay Mr. Norris the sum of $40,000.  [Doc. 23; Exh. 1, attached Exh. A at 2-3].  Instead, Mr. Norris, believing that he was fraudulently induced into executing the settlement agreement, now seeks, among other things, (1) reinstatement of his withdrawn EEO complaints; (2) employment as an accountant with the USPS; and (3) back pay.  [Doc. 1 at 15-16].  In other words, he is requesting more relief than the EEOC awarded.  See Timmons, 314 F.3d at 1232.  Accordingly, this action is not properly characterized as an enforcement action and the regulations governing enforcement of settlement agreements do not prevent the Court from exercising subject matter jurisdiction.

### B. Summary Judgment

Summary judgment under Fed.R.Civ.P. 56(c) "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the

moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading. . . ." Fed.R.Civ.P. 56(e).  Nor will unsupported conclusory allegations create a genuine issue of fact.  Harrison v. Wahatoyas, L.L.C., 253 F.3d 552, 557 (10th Cir. 2001).  Rather, "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial."  Fed.R.Civ.P. 56(e).  Judgment is appropriate as a matter of law if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Lopez v. LeMaster, 172 F.3d 756, 759 (10th Cir. 1999).  It is not the Court's role to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment.  Rather, the Court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor.  See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

Because Mr. Norris brings this action pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12117(a) *et seq.* ("the ADA"), he was required to have filed suit within 90 days of receipt of the EEOC's denial of his request for reconsideration of the USPS's FAD.[1]

---

[1]  Although the ADA is the only statutory scheme specifically identified by Mr. Norris, he also alleges that the USPS discriminated and retaliated against him on the bases of race, age and

See Hall v. United Parcel Service, Inc., 101 Fed.Appx. 764, 765 (10th Cir. 2004) ("A plaintiff must initiate litigation on an ADA claim within ninety days from the date he receives a 'right to sue' letter from the EEOC."). The EEOC's Denial, which advised of the right to file a timely civil action, was sent to Mr. Norris on November 19, 2003 and "presumed [to have been] received within five (5) calendar days after it was mailed." [Doc. 23; Exh. 4 at 2].

Mr. Norris, however, claims that he "was not in possession" of the EEOC's Denial until "substantially after" November 19, 2003. [Doc. 25 at 8].[2] In support of his position,

---

sex. [Doc. 1 at 1 ("The instant complaint is predicated upon **employment discrimination** in violation of . . . the (ADA) Americans with Disabilities Act, race, sex, age, physical [diminished] capacity, and retaliation." (emphasis in original))]. To the extent that Mr. Norris invokes Title VII, 42 U.S.C. § 2000e *et seq.* (race- and gender-based discrimination) and the Age Discrimination in Employment Act, 29 U.S.C. § 626 *et seq.* ("ADEA") (age-based discrimination), the same 90-day period applies. See Houston v. Sidley & Austin, 185 F.3d 837, 838-839 (7th Cir. 1999) ("Under the ADA, ADEA, and Title VII, a plaintiff must file . . . suit within 90 days from the date the EEOC gives notice of the right to sue.").

[2] This argument is not set forth in a response to the USPS's motion for summary judgment but, instead, in a discovery motion that has already been denied by the magistrate judge. [See Docs. 25, 32]. In fact, the docket for this case reveals that Mr. Norris, who was required by local rules to have filed a response within 14 days of service of the USPS's June 16, 2006 summary-judgment motion, has never done so. See D.N.M. LR-Civ. 7.6. Pursuant to local rules, Mr. Norris's failure to file and serve a timely response constitutes consent to grant the motion. See D.N.M. LR-Civ. 7.1. However, because Mr. Norris is a *pro se* plaintiff and because the Tenth Circuit has expressly stated that a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against that party, this Court proceeds to the Fed.R.Civ.P. 56(c) summary-judgment analysis. See Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) (reversing grant of summary judgment entered as uncontested pursuant to District of Kansas Local Rules where district court failed to make determinations required by Fed.R.Civ.P. 56(c)); see also Kikumura v. Hood, --- F.3d ----, 2006 WL 3072761 at *1 (10th Cir. 2006) (reaffirming that where party appears *pro se*, Court reviews his pleadings and other papers liberally and holds them to a less stringent standard than those drafted by attorneys).

Mr. Norris has directed the Court to documents purporting to show that the USPS routinely fails to deliver the mail in a timely manner.  [See Doc. 27; Exhs. AA10-AA16].  Even if the Court were persuaded that these documents show what Mr. Norris believes they show, they do not demonstrate that Mr. Norris filed this civil action within 90 days of receipt of the EEOC's Denial and, thus, do not create a genuine issue of fact sufficient to defeat the USPS's motion for summary judgment.  See Harrison, 253 F.3d at 557 (on motion for summary judgment, unsupported conclusory allegations do not create genuine issue of fact.). Because Mr. Norris has not shown that his civil action was timely filed, the USPS's motion for summary judgment will be granted.

## III. CONCLUSION

Based upon the foregoing, the Court finds that the USPS's summary-judgment motion is well-taken and therefore due to be granted.

**IT IS, THEREFORE, ORDERED** that Defendant USPS's *Motion for Summary Judgment* [Doc. 22] is **GRANTED**.

**SO ORDERED** this 15th day of November, 2006, in Albuquerque, New Mexico.


**M. CHRISTINA ARMIJO**
United States District Judge